IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CHRISTINA LEEDY,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**BOOKING HOLDINGS INC.**<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Christina Leedy ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Booking Holdings Inc. ("Defendant") and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

1

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive calls.

## PARTIES

4. Plaintiff is a natural person who resides in Citrus County, Florida.

5. Defendant is a corporation headquartered in Norwalk, Fairfield County, Connecticut.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.  This Court has specific personal jurisdiction over Defendant and venue is proper because Defendant resides in this District.

### BACKGROUND

8.  The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

9.  The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### FACTUAL ALLEGATIONS

12. Plaintiff is, and has been for approximately April of 2025, the regular and sole user of her cellular telephone number (352) XXX-3182.

13. At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the calls at issue.

14. Plaintiff's telephone number is a residential, non-commercial telephone number.

15. Plaintiff uses the number for personal, residential, and household reasons.

16. Plaintiff does not use the number for business reasons or business use.

17. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

18. Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

19. Plaintiff's telephone number has been listed on the National Do Not Call Registry since April 8, 2025.

20. Plaintiff has never been a customer of Defendant.

21. Despite that fact, the Plaintiff received at least five telemarketing calls from the Defendant.

22. The calls were received by Plaintiff from August 6, 2025 to August 29, 2025.

23. All of the Defendant's calls came from (352) 287-XXXX numbers.

24. The first call came on August 6 from (352) 287-5518.

25. Plaintiff rejected the call.

26. Plaintiff rejected the next three calls from Defendant.

27. On August 29, 2025, Plaintiff answered the call from Defendant and informed them she was not interested in their products and services.

28. The calls were telemarketing because they were made for the purpose of promoting Defendant's travel-reservation brands and inducing purchases of lodging and related travel

services, including hotel room bookings, "exclusive" discounted rates, and special offers available through Defendant's online platforms (including but not limited to Priceline and Getaroom).

29. When the Plaintiff returned a call to one of the originating numbers, she encountered an interactive voice response ("IVR") that identified "Getaroom.com," which is one of Defendant's brands, confirming the calls' objective was to drive sales of Defendant's hotel-reservation services through that brand.

30. Defendant operates a large, performance-driven telemarketing program to sell hotel and travel reservations through multiple brands and websites.

31. According to Defendant's website, "Booking Holdings Inc. is the world's leading provider of online travel and related services, operating a global portfolio of trusted consumer brands including Booking.com, Priceline, Agoda, Kayak, Rentalcars.com, and OpenTable."

32. Defendant acquired Getaroom.com in 2021.

33. The calls were unwanted.

34. The calls were nonconsensual encounters.

35. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

36. Plaintiff never provided her consent or requested the calls.

37. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.

38. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

40. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

41. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

42. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

43. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over

any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

    a.    whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b.    whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

    c.    whether the Defendant's conduct violates the TCPA; and

    d.    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

45.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members such that joinder of all members is impracticable.

46.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

    a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive

of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

  c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

  d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

47. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

49. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

50. These violations were willful or knowing.

51. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and

members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

52. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E. Injunctive relief for Plaintiff and members of the Class, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry, to those who have asked them to stop, or while failing to transmit the caller ID information required by law;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 15th day of October, 2025.

PLAINTIFF, on behalf of herself and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*